IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CRAIG DUSHAW HINES,** | * | |
| Petitioner, | * | |
| | | Civil Action No.: RDB-16-1752 |
| v. | * | Criminal No.: RDB-03-0280 |
| **UNITED STATES OF AMERICA,** | * | |
| Respondent. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM ORDER

The Petitioner Craig Dushaw Hines ("Petitioner" or "Hines") was charged in a seven count Superseding Indictment in this case. Specifically, he was charged with conspiracy to commit bank robbery in violation 18 U.S.C. § 371 (Count One); bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count Two); possession of a firearm in furtherance of a crime of violence in of 18 U.S.C. § 924(c) (Count Three); possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g) (Count Four); attempted armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count Five); possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c) (Count Six); and finally possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count Seven). (ECF No. 14.) On November 25, 2003, at the conclusion of a jury trial, Hines was found guilty of conspiracy to commit bank robbery (Count One); attempted bank robbery (Count Five); possession of a firearm in furtherance of a crime of violence in connection with that attempted bank robbery (Count Six); and being a felon in possession of a firearm (Count Seven). (ECF No. 40.) He was acquitted on Counts Two, Three, and Four. (*Id.*)

1

On April 2, 2004, this Court sentenced Hines to a total of 562 months' imprisonment. (ECF No. 51.) Specifically, this Court sentenced him to a term of 202 months' imprisonment for attempted bank robbery as charged in Count Five, a concurrent term of 120 for being a felon in possession of a firearm as charged in Count Seven, a consecutive term of 60 months for conspiracy to commit bank robbery as charged in Count One, and a consecutive term of 300 months on for use of a firearm in furtherance of a crime of violence as charged in Count Six with respect to the attempted bank robbery.  (*Id.*)

On May 31, 2016, Petitioner Hines filed the presently pending Motion to Vacate Conviction under 28 U.S.C. § 2255 (ECF No. 120), challenging the validity of the 300-month term imposed for the § 924(c) conviction on Count Six.  On March 29, 2019, Petitioner filed a supplement to his § 2255 Petition (ECF No. 121) in which he asked this Court to hold his case in abeyance pending the United States Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).  On June 24, 2019, the Supreme Court issued its decision in *Davis*, holding that the residual clause contained in the definition of a crime of violence under 18 U.S.C. § 924(c) was unconstitutionally vague.  *Davis*, 139 S. Ct. at 2336.  Upon that ruling, Petitioner Hines filed a Motion to Supplement his § 2255 Petition, arguing that his § 924(c) conviction on Count Six should be vacated in light of *Davis*. (ECF Nos. 122, 122-1.)

On October 14, 2020, the United States Court of Appeals for the Fourth Circuit issued its opinion in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), further clarifying the meaning of a "crime of violence" under § 924(c) and holding that attempted Hobbs Act robbery does not qualify as such a crime under the statute.  As the Fourth Circuit explained in *Taylor*, Hobbs Act robbery, unlike *attempted* Hobbs Act robbery, "'involves the threat to use [physical] force.'"

*Id.* at 207-08 (citing *United States v. Mathis*, 932 F.3d 242 (4th Cir. 2019) (internal citation omitted)). Attempted Hobbs Act robbery "does not invariably require the use, attempted use, or threatened use of physical force," and "[t]he Government may obtain a conviction for attempted Hobbs Act robbery" by showing that the defendant "intended to commit robbery by means of a threat to use physical force" and that he "took a substantial step corroborating that intent"—a substantial step that need not be violent. *Id.* at 208. The Fourth Circuit reasoned:

> Where a defendant takes a nonviolent substantial step toward threatening to use physical force—conduct that undoubtedly satisfies the elements of attempted Hobbs Act robbery—the defendant has not used, attempted to use, or threatened to use physical force. Rather, the defendant has merely *attempted to threaten* to use physical force. The plain text of § 924(c)(3)(A) does not cover such conduct.

*Id.*

On October 22, 2020, Petitioner Hines again supplemented his § 2255 Petition, arguing that under the Fourth Circuit's decision in *Taylor* his § 924(c) conviction on Count Six based on his conviction for *attempted* bank robbery should be vacated. (ECF No. 128). In response, the Government filed a Motion to Hold Case in Abeyance (ECF No. 129) in which it stated that it was "in the process of reviewing the *Taylor* decision and evaluating its options for further appellate review." However, despite the fact that the Solicitor General of the United States may at some point file a petition for certiorari challenging *Taylor*, this Court has recognized *Taylor* as binding precedent and proceeded to apply it in vacating § 924(c) convictions. *See United States v. Thomas*, DKC-10-0051 (D. Md. Mar. 8, 2021); *United States v. Harris*, DKC-05-0538 (D. Md. Feb. 25, 2021); *United States v. Witherspoon*, RDB-08-0401 (D. Md. Feb. 16, 2021).

Hines' conviction on Count Six for attempted bank robbery was clearly predicated on this Court viewing that crime as a "crime of violence."

Accordingly, Petitioner Hines is entitled to have his § 924(c) conviction on Count Six vacated, and a re-sentencing shall be scheduled. For the reasons set forth above, it is HEREBY ORDERED this 4th Day of June, 2021 that:

1. Petitioner Hines' Motion to Vacate Conviction under 28 U.S.C. § 2255 (ECF No. 120) and Motion to Supplement (ECF No. 122) are GRANTED;

2. The Government's Motion to Hold Case in Abeyance (ECF No. 129) is DENIED;

3. The civil case *Hines v. United States*, Civil No. RDB-16-1752, shall be CLOSED;

4. A re-sentencing of the Petitioner Hines shall be scheduled.

                                                                         /s/

                                            Richard D. Bennett
                                            United States District Judge